### No. 829

RIESENBERGER et, Rec. v. COSMOPOLITAN BANK & TRUST CO.

Ohio Appeals, 1st Dist., Hamilton Co.
No. 2552. Decided Jan. 19, 1925

1002. RECEIVERS—Common Pleas Court may forbid receivers from prosecuting proceeding in review.

CUSHING, J.

The original action was by an endorser on promissory notes made by the Haggard and Schubert Co. to compel the Company to pay these notes and for appointment of a receiver. The Cosmopolitan Bank & Trust Co. filed a cross-petition, claiming a lien by virtue of a mortgage executed by Clarence Haggard and wife for $17,500.

The Hamilton Common Pleas found that the mortgage deed in question was valid and binding, and that the Trust Co. was entitled to the first and best lien upon the real estate to the extent of $21,733. Arthur Riesenberger and Samuel Lipp, Receivers excepted to the judgment. The Common Pleas ordered them to refrain from taking any proceedings to review the said judgment.

The receivers instituted proceedings in the Court of Appeals; and the Bank filed a motion

to dismiss for the reasons that the receivers had no power or authority to further file or maintain the proceeding, without authority of the Common Pleas; that they were expressly forbidden and prohibited from filing the proceeding; and that there was no error apparent on the record and that receivers did not file a bill of exceptions. The Court of Appeals held:

1. The question for determination is the authority of a court appointing a receiver to direct and control the receiver, with reference to the bringing and defending of actions in his own name as receiver.

2. The language of 11, 897 GC. is clear and unambiguous, it providing: "Under the control of the court, the receiver may bring and defend actions in his own name, as receiver - - - - - - etc."

3. The court in the case at bar expressly forbade the receivers from prosecuting the action in the Court of Appeals.

4. Since they violated the order of the court below, the motion to dismiss will be granted.

Attorneys—A. B. Mente for Riesenberger et; Dorger & Dorger, Allen C. Rondebush and Dempsey & Dempsey for Trust Co.; all of Cincinnati.